**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JAMIE LUSKIN, | * | |
|     Plaintiff, | * | |
| v. | * | Case No.: 8:20-cv-2393- GJH |
| THE UNIVERSITY OF MARYLAND, | * | |
| COLLEGE PARK, MARYLAND | * | |
|     Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER TO COMPLAINT

Defendant The University of Maryland, College Park ("Defendant" or "University"), by its undersigned counsel, files this Answer to the Complaint filed by Plaintiff Jamie Luskin and states as follows:

1. Paragraph 1 contains a legal conclusion, which no response is required.

2. The University denies the allegations in Paragraph 2.

3. Paragraph 3 contains a legal conclusion, which no response is required.

4. The University denies the allegations in Paragraph 4.

5. The University admits the allegations in Paragraph 5.

6. The University admits the allegations in Paragraph 6.

7. The University admits that Ms. Luskin has training in chemistry and physics but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

8. The University is without knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 8 but admits the remaining allegations in Paragraph

9. The University denies the allegation Paragraph 9.

10. The University admits the allegation in Paragraph 10.

11. The University denies the allegations in Paragraph 11.

12. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. The University denies the allegations in Paragraph 18 as framed.  Further answering, The University admits that Mr. Mizrachi reported concerns about C.H.'s behavior to a member of the BETA team three days after the incident. The University denies that Ms. Luskin made a report. The University is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

19. The University denies the allegations in Paragraph 19 that Ms. Lonsbury brushed off the reported incident but admits that she stated that she hoped it was just an atypical outburst on his part.

20. The University denies the allegations in Paragraph 20 and clarifies that Ms. Luskin did not make a report to BETA.

21. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. The University denies the allegations in Paragraph 25 as framed. Further answering, the University denies that it was Ms. Luskin's second report to BETA. The University admits that on April 12, 2018, she reported C.H.'s actions to BETA. The University denies the second sentence of Paragraph 25.

26. The University denies the allegations in Paragraph 26.

27. Paragraph 27 contains a legal conclusion, which no response is required.

28. The University denies the allegations in Paragraph 28.

29. The University denies the allegations as framed. Further answering, the University admits that C.H. sent a series of text messages to Ms. Luskin on May 8, 2018, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

30. The University denies the allegations in Paragraph 30 as framed. Further answering, the University admits that Ms. Luskin reported that C.H. sent her a series of text

messages but denies that she attached the text messages.

31. The University denies the allegations in Paragraph 31.

32. The University denies the allegations as framed in Paragraph 32. Further answering, that the University denies that it was apathetic to Ms. Luskin's reports but admits that Ms. Lonsbury advised Ms. Luskin to meet with Dr. Carlton Green at UMD's counseling center and actually walked Ms. Luskin to Dr. Green's office

33. The University denies the allegations in Paragraph 33.

34. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. The University denies the allegations in Paragraph 35 as framed as there is no specific reference to the actual portion of the policy that is referenced. Further answering, the policy speaks for itself.

36. The University denies the allegations in Paragraph 36.

37. The University admits the allegations in Paragraph 37.

38. The University denies the allegations in Paragraph 38 as framed. Further answering, the Title IX Office administers UMD's non-discrimination policies, including Title IX. The University admits that on May 9, 2018, Ms. Luskin advised the Title IX office of incidents with C.H. and provided the Title IX Office with text messages.

39. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. The University denies the allegations in Paragraph 40.

41. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. The University denies the allegations in Paragraph 42 as framed. Further answering, the University admits that Mr. Luskin did email the Chair of BETA on May 9, 2018, and that portions of the quoted email contained in the first sentence of the allegations in Paragraph 42 were included. The University also admits that Dr. Goodwin, Ms. Hopkinson, Ms. Kirkland-Gordan and Ms. Lonsbury were included on his email. The University denies the remaining allegation of Paragraph 42.

43. The University denies the allegations in Paragraph 43.

44. The University denies the allegations in Paragraph 44.

45. The University denies the allegations in Paragraph 45.

46. The University denies the allegations in Paragraph 46.

47. The University denies the allegations in Paragraph 47.

48. The University admits the allegations in Paragraph 48.

49. The University denies the allegations in Paragraph 49 as framed. Further answering, a no contact order is an interim protective measure pursuant to the UMD's Title IX policies and UMD's Code of Conduct policies. The University is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49.

50. The University admits the allegations in Paragraph 50 but further answers that on May 10, 2018 the University emailed Ms. Luskin a letter advising her that a no contact order was issued and directing her to contact Dr. Goodwin to discuss the no contact order.

51. The University denies the allegations in Paragraph 51.

52. The University denies the allegations in Paragraph 52 as framed. Further answering, the University emailed Ms. Luskin a letter on May 10, 2018 advising her that a no contact order was issued and directing her to contact Dr. Goodwin to discuss the no contact order

53. The University admits the allegations in Paragraph 53.

54. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations Paragraph 54.

55. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58. The University admits the allegations in Paragraph 58.

59. The University denies the allegations in Paragraph 59.

60. The University admits the allegations in Paragraph 60.

61. The University admits the allegations in Paragraph 61.

62. The University denies the allegations in Paragraph 62.

63. The University denies the allegations in Paragraph 63.

64. The University denies the allegations in Paragraph 64.

65. The University denies the allegations in Paragraph 65 as framed. Further answering, on October 17, 2018, Andrea Goodwin requested that Ms. Luskin draft a statement regarding C.H.'s violation of the no contact order.

66. The University admits the allegations in Paragraph 66.

67. The University denies the allegations in Paragraph 67.

68. The University admits the allegations in Paragraph 68.

69. The University denies the allegations in Paragraph 69 as framed.  Further

answering, Paragraph 69 is vague and ambiguous as it merely states "eight UMD administrators" without any reference to their names and/or titles and therefore the University is without information or knowledge sufficient to form as belief as to the truth of the allegations in Paragraph 69.

70. The University denies the allegations in Paragraph 70 as framed. Further answering, paragraph 70 is vague and ambiguous as it merely states "each of these eight UMD employees" without any reference to their names and/or titles and therefore the University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71. The University admits the allegations in Paragraph 71.

72. The University denies the allegations in Paragraph 72.

73. The University admits the allegations of Paragraph 73.

74. The University denies the allegations in Paragraph 74.

75. The University denies the allegations in Paragraph 75.

76. The University denies the allegations in Paragraph 76 as framed. Further answering, the University admits that Ms. Luskin obtained a final peace order from the District Court on October 24, 2018 but denies the remaining allegations of paragraph 76.

77. The University denies the allegations of Paragraph 77 as framed. Further answering, the language of the peace order regarding the providing of schedules stated: "Respondent agrees to cooperate with UMD law enforcement to provide weekly schedules of his whereabouts on campus to avoid all interaction with Ms. Luskin".

78. The University denies the allegations in Paragraph 78.

79. The University denies the allegations in Paragraph 79.

80. The University denies the allegations in Paragraph 80.

81. The University denies the allegations in Paragraph 81 as framed. Further answering, the University admits that the Title IX Officer did resign on August 14, 2018 and she had previously made complaints about the Title IX office but the issues on which she had previously made complaints had been resolved by the Spring of 2018.

82. The University admits the allegations in Paragraph 82.

83. The University admits the allegations in Paragraph 83.

84. The University admits the allegations in Paragraph 84.

85. The University denies the allegations in Paragraph 85 as framed. Further answering, the University admits that Ms. Luskin's attorney cited what she believed to be violations of Title IX and what she believed were failures to act. The University denies the allegations that her attorney set forth in the letter.

86. The University denies the allegations in Paragraph 86 as framed. Further answering, the University admits that on November 30, 2018, Diane Krejsa facilitated a meeting between Ms. Goodwin, Ms. Luskin and the UMD police.

87. The University denies the allegations of Paragraph 87.

88. The University denies the allegations of Paragraph 88.

89. The University denies the allegations in Paragraph 89.

90. The University denies the allegations of Paragraph 90.

91. The University denies the allegations in Paragraph 91.

92. The University denies the allegations in Paragraph 92.

93. The University denies the allegations in Paragraph 93.

94. The University denies the allegations in Paragraph 94.

95. The University is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 95.

96. The University denies the allegations in Paragraph 96.

97. The University is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 97.

98. The University denies the allegations in Paragraph 98.

99. The University admits the allegations in Paragraph 99.

100. The University denies the allegations in Paragraph 100 as framed. Further answering, paragraph 100 is vague and ambiguous as the names and/or titles of the alleged "dozen UMD employees" is not set forth so the University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100.

101. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 as the allegations do not specify the data upon which it relies.

102. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 as the allegation does not specify the data upon which it relies.

**103.** The University admits the allegations in Paragraph 103.

104. The University denies the allegations of Paragraph 104.

105. The University incorporates its responses to Paragraphs 1 through 104 as if fully set forth herein.

106. The University denies the allegations in Paragraph 106.

107. The University denies the allegations in Paragraph 107.

108. The University denies the allegations in Paragraph 108 as framed. Further answering, the University was aware of the complaints about C.H. that were made by Ms. Luskin.

109. The University denies the allegations in Paragraph 109.

110. The University denies the allegations in the first sentence of Paragraph 110 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

111. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111.

112. The University denies the allegations in Paragraph 112.

113. The University denies the allegations in Paragraph 113.

114. The University denies the allegations in Paragraph 114.

115. The University denies the allegations in Paragraph 115.

116. The University denies the allegations in Paragraph 116.

117. The University denies the allegations in Paragraph 117.

### FIRST AFFIRMATIVE DEFENSE

The University was not deliberately indifferent to Plaintiff's report of C.H.'s actions and its response was not clearly unreasonable in light of the known circumstances. Moreover, the University's response did not subject Plaintiff to continued harassment.

BRIAN E. FROSH
Attorney General of Maryland

/S/ ANN D. WARE

ANN D. WARE (FED BAR 23785)
Assistant Attorneys General
Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202-2021
Phone: (410) 576-6562
Fax: (410) 576-6437

aware@oag.state.md.us
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify on this 15th day of September, 2020, the foregoing Answer to Complaint was served on all counsel of record through CM/ECF system.

/s/ Ann D. Ware
